UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,          :

      V.                               :   Crim. No. 1:00CR10397-001

                         :   MEMORANDUM OF LAW IN SUPPORT OF
ALESSANDRO LOMANGO                     PETITION PURSUANT TO 28 U.S.C. §
      Petitioner,                  :   2241.


    - - - - - - - - - - - - - - - - -


      Alessandro Lomango, affirms under the penalties of
perjury the following facts in relation to this instant petition.

      1. I am the petitioner in the criminal matter stated
above, where on March 12, 2001, Lomango pled guilty to possession
with intent to distribute MDMA/3,4, in violation of 21 U.S.C. §
941(a)(1), and retaliation against an informant, in violation of
18 U.S.C. § 1513(b)(2). The Honorable Chief Judge Young, presided
ovr these proceedings). [1]

      2. A Pre-Sentence Report was ordered by the Court, and in
both Paragraphs 74, and 75 ("PSR") (The relevant portions only
are annexed), the Department of Probation assessed two 'Criminal
History Points' cumalatively for functionally, and factually
inter-related consolodated criminal cases. [2]


---

[1]
      Lomango filed a direct appeal to the United States Court
of Appeals for the First Circuit on April 5, 2002 contesting the
"[d]enial of a downward departure for acceptance of responsibility
despite the plea agreement". The Court of Appeals affirmed the
Judgment of conviction in an unpublished opinion in the latter
part of 2002. The petitioner did not file a subsequent petition
for certiorari review, and did not file a petition pursuant to 28
U.S.C. § 2255.

[2]
      Lomango initiated a proceeding pursuant to 28 U.S.C. §
2241 to the U.S. District Court, for the Northern District of New
York, Martin v. Perez, 319 F.3d 799 (6th Cir. 2003); however,
that Court attempted to recharacterize the "nature of the

3. Lomango asserts in relevant part, that the "Criminal History" assessment was incorrect, erroneous and which elevated the petitioner's sentencing exposure by classifying him in "Criminal History Category II1, rather than "II; relying on Buford v. United States, 532 U.S. 59, 121 S.Ct. 1276 (2001); and U.S. v. Husky, 137 F.3d 283 (5th Cir. 1998).

I. THE CRIMINAL CONDUCT WHICH OCCURRED AS RELATED IN PARAGRAPHS 74, 75 OF THE PRE-SENTENCE REPORT, AND THE CONVICTIONS THEREOF, WERE TO BE COUNTED AS 'I' CRIMINAL HISTORY POINT IN LIGHT OF THE RELATIONSHIP BETWEEN THE OFFENSE CONDUCT, AND SENTENCING

4. Based upon the assessment of the Probation Department, Lomango's total criminal history points totaled "4", which established a criminal history category of III ("PSR" at ¶¶ 79-80). Specifically, Lomango received "1" Criminal History Point for the conduct articulated in ¶ 74. This prior conviction, as well as the conduct contained within ¶ 75, concerned a "Violation of a Protection Order" in the Lawrence District Court. On 5/21/96, Lomango was arrested for "calling Alesha Hughes on the telephone" with whom he had a previous relationship.

5. On 6/10/96, Lomango was arrested again for "Violation of a Protection Order" in the Lawrence District Court. This conduct as ascertained in ¶ 75 concerned another "phone call to Alesha Hughes".

---

Continued from 2/

petiion filed" by claiming that Lamongo was attacking the "Judgment of Conviction", which is more appropriately raised in a motion pursuant to 28 U.S.C. § 2255. This assessment was incorrect. The District Court (Hon. Lawrence E. Kahn) ordered on JUly 19, 2004, that "[p]etitioner, within 45 days of this Order, advise the Court whether he consents to the recharacterization of the motion as a Section 2255 and transfered to the District of Massachusetts." The petitioner withdrew his petition.

6. On 7/26/96, Lomango entered a plea of guilty as to both cases which were functionally consolodated, and was sentenced to a 1 year term of Probation, without Supervision. On 7/28/97, the Probation Term was successully discharged.

B. Lomango's Federal Sentence

7. Succinctly, the "PSR" determined that as to Count I (controlled substance count), the Total Offense Level was 22. As to Count Two (obstruction of justice count), the Total Offense Level was 23. As the two offenses were grouped, pursuant to USSG § 3D1.2(c), the Total Combined Offense Level was 23. Utilizing the Criminal Hisory Category of III, Lomango's Sentencing Range was from 51-71 months of imprisonment. (The district court did not reduce the Offense Level pursuant to USSG § 3E1.1 "acceptance of responsibility"). On May 30, 2001, the District Court sentenced Lomango to a term of 71 months of imprisonment as to Count I, and 60 months as to Count II to be run concurrent with Count I.

C. 28 U.S.C. § 2241

8. Although §§ 2255 and 2241 are both available to federal prisoners, they address different types of claims. Roccisano v. Menifee, 293 F.3d 51 (2d Cir. 2002) (quoting Chambers v. U.S., 106 F.3d 472, 475 (2d Cir. 1997). Under § 2241, a prisoner may challenge the "execution of hi sentence". Only if it is shown that a § 2255 motion is "inadequate or ineffective to test the legality of ... detention," 28 U.S.C. § 2255, may a federal inmate challeng the validity of the conviction or sentence. Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); Triestman v. United States, 124 F.3d 361 (2d Cir. 1997).

3

9. As a general rule, a motion under § 2255 is "inadequate of ineffective" only if it is established that "some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." In the instant case, Lomango did not previously attack the "criminal history" assessment at sentencing through objection, and as such, if raised on direct appeal, that claim would only be reveiwed for "clear error" under Rule 52(b), Fed.R.Crim.P.. Although this claim could have hypothetically been raised on Direct, appellate counsel chose to raise solely the objection  made "on the face of the record". The petitioner is by no means asserting an "ineffective assistance of counsel" claim however at this time.

10. The AEDPA established a one-year period of limitations for the filing of a section 2255 motion, and motions made after the one-year period will not typically be heard. U.S. v. Sanders, 247 F.3d 139 (4th Cir. 2001); U.S. v. Saro, 252 F.3d 449 (D.C. Cir. 2001). As Lomango's conviction became final in the latter part of October, 2003, a § petition would thus be untimely.

D. Related Cases

11. The Guidelines require the assessment of criminal history points for "each prior sentence" USSG § 4A1.1. But there are exceptions. One such exception authorizes sentences imposed in what the Sentencing Commission calls "related cases" to be treated as a single sentence (USSG § 4A1.2(a)(2)). Insofar as pertinent here, sentences are considered related "if they resulted from offenses that ... were consolodated for trial or sentencing." Id. comment. n.3. Lomango asserts that the two prior convictions fell within the safe harbor, and were factually, logically,

4

and temporally indistinct; and consolodated for sentencing, and therefore should have been deemed related. <u>United States</u> v. <u>Joseph</u>, 50 F.3d 401 (7th Cir. 1995).

12. Although a formal Order of consolodation is not apparent from the "PSR", these two cases completely fit the criteria. Various circuits have also recognized that cases may be "functionally consolodated" even absent a formal Order. This occurs when the cases are "factually or logically" related, and sentencing was "joint". <u>U.S.</u> v. <u>Buford</u>, 201 F.3d 937 (7th Cir. 2000); <u>U.S.</u> v. <u>Joseph</u>, 50 F.3d 401 (7th Cir. 1995). In the absence of formal consolodation, a district court shall deem prior cases consolodated when there is a showing that the prior sentencing judge considered the cases sufficiently related for consolodation and effectively entered one sentence. <u>U.S.</u> v. <u>Best</u>, 250 F.3d 1084 (7th Cir.); <u>U.S.</u> v. <u>Russell</u>, 2 F.3d 200 (7th Cir. 1993); <u>U.S.</u> v. <u>Rosche</u>, 259 F.Supp.2d 858 (E.D.Wisc. 2002).

13. Courts have long struggled to define what the Commission meant by "related" cases. <u>Carter</u>, 283 F.3d 758 (1st Cir. 2002); <u>U.S.</u> v. <u>Stalbaum</u>, 63 F.3d 537 (7th Cir. 1995). As discussed, the application note provide that in three situations convictions should be related and counted but once: (1) when they ocurred on the same occasion; (2) were part of a single scheme or plan, <u>or</u> (3) were consolodated for trial or sentencing purposes.

14. In this case, the two prior Offense Conduct(s) as related within the "PSR" clearly show that the two cases should have been considered as but one conviction. Both cases involved "calling Alesha Hughes", with whom the petitioner had a prior relationship. The relatedness is apparent here. (1) Telephone Call; (2) Alesha Hughes, and (3) Consolodated Sentences.

5

E. The Differences in Sentencing Exposure

15. The Adjusted Offense Level on the instant conviction was 23. As the Criminal History Category was assessed at III, the Sentencing Range was from 57-71 months of imprisonment. If, as discussed infra, the two prior cases were counted but once, the Criminal History Category would be II; thus the Sentencing Range would have been from 51-63 months of imprisonment. This Court imposed the top range (71 months); however, even assuming the Court would ha e imposed the top sentence of the lower sentencing range (63) months, the petitioner would have to serve 8 months less than the present sentence.

F. Conclusion

Although the relief requested is not mandatory, it is respectfully requested that this Court adjudicate that Lomango's two prior convictions were "functionally consolodated", and adjust his sentence by a period of 8 months.

Respectfully,

Alessandro Lomango

January 1, 2005