```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

ALESSANDRO LOMAGNO,         )
        Petitioner,         )
                            ) C.A. No. 05-10162-WGY
        v.                  )
                            )
D.B. DREW, Warden FCI       )
Raybrook,                   )
        Respondent.         )
```

## MEMORANDUM AND ORDER

For the reasons stated below, the Court dismisses this action for lack of jurisdiction.

## BACKGROUND

On January 18, 2005, Alessandro Lomagno, an inmate confined at FCI Raybrook, filed his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 accompanied by a supporting memorandum of law. Lomagno seeks a reduction in the sentence imposed by this Court on May 30, 2001, following Lomagno's guilty plea. See United States v. Lomagno, C.R. No. 00-cr-10397-WGY, aff'd, No. 01-1826 (1st Cir. July 16, 2002). Although Lomagno filed a direct appeal, he has not filed a Section 2255 motion.

Specifically, Lomagno contends that in calculating the criminal history points under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the Pre-sentence Investigation Report (the "PSR") counted petitioner's two prior sentences separately. He now argues that these two

prior sentences should have been counted as one sentence because the Guidelines require prior sentences in "related cases" to be counted as one sentence for purposes of section 4A1.2.  Id. U.S.S.G. § 4A1.2.

## REVIEW

Although the petition for writ of habeas corpus is brought under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 Proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

## DISCUSSION

I.  Filing Fee

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions or (2)

file an application to proceed without prepayment of fees. See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis). Here, petitioner failed to pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees. Ordinarily, the Court will grant a petitioner additional time to do so. Because this action is subject to dismissal, the Court will not grant petitioner additional time to pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees.

    II.  The Petition is Subject to Dismissal

Federal courts are always under an independent obligation to examine their own jurisdiction, and must not entertain a habeas petition over which it has no jurisdiction. See Gonzalez v. U.S., 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)).

    A. Petitioner Is Not In Custody In This District

As an initial matter, this Court does not have jurisdiction over petitioner's Section 2241 petition.[1] Jurisdiction under Section 2241 properly lies in the district court with jurisdiction over the prisoner's custodian. See

---

[1] Section 2241 provides relief for persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999) ("a § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian (unlike a § 2255 petition, which must be brought in the sentencing court)."). Even where the petitioner challenges the validity, rather than the execution of his sentence under Section 2241 as here, jurisdiction lies, not in the sentencing court as per Section 2255, but in the district court that has jurisdiction over his custodian. Norton v. United States, 119 F. Supp. 2d 43, 45 (D. Mass. 2000). Thus, because petitioner is incarcerated at FCI Raybrook, New York, which is not in the District of Massachusetts, Lomagno cannot bring his § 2241 petition here.

    B.    <u>Any Section 2255 Petition Would Be Procedurally Barred</u>

The sentencing arguments raised by Lomagno are not cognizable in a § 2241 petition and are more appropriately brought by way of a § 2255 motion. A petition for a writ of habeas corpus pursuant to Section 2241 generally challenges the manner, location, or conditions of a sentence's execution, Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001); accord United States v. Barrett, 178 F.3d 34, 50 n. 10 (1999) (§ 2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (same),

4

whereas a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence.  See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (citations omitted) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

   Because Lomagno seeks a sentence reduction, such a challenge is to the "sentence as imposed," rather than to the "sentence as executed," and he would be required to seek relief from the sentencing court.  See 28 U.S.C. § 2255 (prisoner must file motion in court which imposed the sentence); Rule 4(a) of the Rules Governing Section 2255 Proceedings (original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him); Rogers, 180 F.3d at 357 n. 15 (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

However, as petitioner correctly notes, <u>see</u> Petitioner's Memo, ¶ 10, the limitations period for his filing a § 2255 motion has expired.[2] Federal prisoners may also use § 2241 to challenge their federal custody resulting from a conviction and sentence imposed by a federal court if a § 2255 motion is "inadequate or ineffective."[3] It is settled law that the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from invoking its protection. <u>United States v. Barrett</u>, 178 F.3d 34, 50 (1st Cir. 1999); <u>United States v. Lurie</u>, 207 F.3d 1075 (8th Cir. 2000) (The § 2255 remedy is not "inadequate or ineffective" simply because a defendant is barred by the

---

[2]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on motions to vacate, set aside, or correct a sentence imposed in federal court. <u>See</u> 28 U.S.C. § 2255. The limitations period customarily runs from the date on which the judgment of conviction became final and none of the tolling periods delineated in § 2255 appear to apply.

[3]<u>See</u> 28 U.S.C. § 2255(5). Section 2241 is available only when the 2255 motion is inadequate or ineffective:
> An application for a writ of habeas corpus [pursuant to 2241] on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 para. 5.

statute of limitations from filing a § 2255 motion.).

ORDER

Because petitioner is incarcerated in New York, this Court lacks jurisdiction over petitioner's section 2241 habeas petition.  Accordingly, the Court will dismiss the petition without addressing the filing fee issue.  Accordingly, it is hereby

ORDERED, petitioner's section 2241 petition is dismissed for lack of jurisdiction; and it is further

ORDERED, the Clerk of Court is directed to enter forthwith as a separate document a Final Judgment as follows:

This Civil Action is DISMISSED for lack of jurisdiction.

SO ORDERED.

Dated at Boston, Massachusetts, this 1st day of February, 2005.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE